Filed 8/24/15  P. v. Osibamowo CA2/7
Opinion following order vacating prior opinion

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B256805 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA420274) |
| v. | |
| HOWARD OSIBAMOWO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On February 10, 2014, Howard Osibamowo was charged in an information with one count of carjacking (Pen. Code, § 215, subd. (a)) with a special allegation he had served three separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Represented by appointed counsel, Osibamowo pleaded not guilty and denied the special allegation.

On April 1, 2014, the trial court denied Osibamowo's motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)). Jury trial commenced on April 9, 2014. According to the evidence at trial, on the night of June 29, 2013, Reginald Jones was serving drinks at a nightclub he owned in Los Angeles. Among the patrons he served were Osibamowo and a woman named Tammy. When Jones was closing the bar around 1:00 a.m., he went outside and saw Osibamowo and Tammy engaged in a heated discussion. Jones pulled up his car in the driveway and got out to chain and lock up the nightclub parking lot. Osibamowo snatched the keys from Jones's hand, jumped into the car and turned on the ignition. Jones attempted to grab the car keys from the ignition as Osibamowo drove down the street, dragging Jones with him. The two men struggled and at some point, the car crashed into a parked truck, causing Jones to be thrown into the air. Jones went back to his car and Osibamowo punched him and fled.

On April 14, 2014, shortly before the conclusion of the People's presentation of evidence, the trial court heard and denied Osibamowo's second *Marsden* motion and a request to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (*Faretta*)). Osibamowo elected not to testify in his defense.

On April 15, 2014, the jury found Osibamowo guilty of carjacking. In a bifurcated proceeding, Osibamowo admitted the special allegation. The trial court sentenced Osibamowo to an aggregate state prison term of eight years: the middle term of five years for carjacking plus one year for each of the three prior prison term enhancements.

We appointed counsel to represent Osibamowo on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On

2

December 10, 2014, we advised Osibamowo he had 30 days within which to personally submit any contentions or issues he wished us to consider. After granting him two extensions of time, on February 17, 2015 we received a 12-page handwritten response, in which Osibamowo set forth his version of the events of June 29, 2013 and claimed the People's witnesses lied at trial. Osibamowo also asserted his appointed counsel provided constitutionally ineffective assistance during trial. Attached to Osibamowo's response were a police report and a portion of the reporter's transcript of the preliminary hearing, both of which contained hand-written notes.

To the extent Osibamowo is challenging the sufficiency of the evidence, Jones's testimony constitutes substantial evidence to support the jury's finding he committed the crime of carjacking; determining Jones's credibility was the exclusive province of the jury. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Nothing in the record suggests Jones's testimony was inherently improbable or physically impossible. (See *People v. Elwood* (1988) 199 Cal.App.3d 1365, 1372.)

As for Osibamowo's version of events, he waived his right to testify and his written account and the police report are outside the record. We cannot consider such matters on direct appeal. (See *People v. Szeto* (1981) 29 Cal.3d 20, 35 ['[m]atters not presented by the record cannot, of course, be considered on the suggestion of counsel in briefs or in affidavits attached thereto"].) Nor can we, on this record, determine whether counsel rendered ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)

We have examined the record and are satisfied Osibamowo's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

IWASAKI, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4